UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THE UNITED STATES OF AMERICA                                03-CR-250E

         -vs-                                                MEMORANDUM
                                                                                and
ALFREDO FERNANDEZ-QUESADA,                          ORDER[1]
                 Defendant.
_____

On December 12, 2005 defendant Alfredo Fernandez-Quesada[2], through his

current counsel Mehmet Okay, filed the instant Motion to Withdraw Guilty Plea.  On

January 27, 2006 the government filed a response urging the Court to deny the

Motion.  The Court heard oral argument on the Motion on February 3, 2006.[3]  For the

reasons stated, defendant's Motion is denied.

## BACKGROUND

On July 12, 2003 the defendant and another were arrested as a result of the

attempted and actual use of a counterfeit credit card to purchase a gold bracelet from

Littman Jewelers in Buffalo, N.Y.  On July 14, 2003 defendant was charged in a

criminal complaint with having transported in interstate and international commerce

goods valued at more than $5,000 knowing that such goods had been converted or

_____

[1]This decision may be cited in whole or in any part.

[2]Defendant is a native Spanish speaker who alleges to speak and read only limited
English.

[3]At defendant's request, resolution of this Motion was held in abeyance for a period of
time so that defendant could continue plea negotiations with respect to this and another matter
pending in another District.

obtained by fraud in violation of 18 U.S.C. §2314.  Initially, defendant was represented by Noemi Fernandez, a bi-lingual attorney.  On September 30, 2003, defendant retained a new attorney, Robert Goldstein, and the Court relieved Ms. Fernandez from her appointment as counsel.  Both Ms. Fernandez and Mr. Goldstein engaged in plea negotiations with the government on defendant's behalf.

On December 11, 2003 defendant was indicted on one count of attempt to use a counterfeit access device — particularly a counterfeit credit card — with intent to defraud in violation of 18 U.S.C. §1029(a)(1) and (b)(1) and §2.  A jury trial was scheduled to commence on June 1, 2004.  On that date, however, defendant requested and the Court granted an adjournment of the trial to June 14, 2004 in order to enable defendant to secure the testimony of his former co-defendant at trial.

On June 7, 2004 defendant, still being represented by Mr. Goldstein, appeared in Court and entered a plea of guilty to the charge contained in the Indictment. Attached to the plea agreement are sworn statements of the Spanish-language interpreter indicating that she translated both the Rule 11 Acknowledgment and Waivers as well as the entire Plea Agreement to defendant, that defendant indicated to the translator that he understood the contents of those documents and that he signed the documents voluntarily and with the advice of his attorney.

On July 6, 2004 the Court received a letter from defendant dated June 15, 2004 seeking to withdraw his guilty plea.  The Court responded to defendant by letter of July 23, 2004 indicating that the Court found his plea to be knowingly and voluntarily

- 2 -

entered.  In response, on August 4, 2004, defendant in a *pro se* capacity, filed a

Motion to Dismiss the Indictment, a Motion to Vacate his Plea and a Motion to

Terminate his Attorney.  The government filed a response to the *pro se* Motion on

August 20, 2004.  On August 27, 2004 the Court relieved attorney Goldstein from

further representation of defendant.  On September 16, 2004 the Court appointed

attorney Mehmet Okay to represent defendant.  At a status conference held on

October 7, 2004, counsel advised the Court that defendant wished to proceed with

his Motion to Withdraw his Guilty Plea.  On December 12, 2005, counsel filed the

instant Motion.[4]

## DISCUSSION

> "Society has a strong interest in the finality of guilty pleas, and allowing
> withdrawal of pleas not only undermines confidence in the integrity of
> our judicial procedures, but also increase[s] the volume of judicial work,
> and delays and impairs the orderly administration of justice."

*United States* v. *Maher*, 108 F.3d 1513, 1529 (2d Cir. 1997) (internal citations and

quotations omitted).  Notwithstanding such, Rule 11 of the Federal Rules of Criminal

Procedure ("FRCrP") provides for the withdrawal of a guilty plea in certain

circumstances.

FRCrP 11(d)(2)(B) provides that a defendant may withdraw a plea of guilty after

the Court accepts the plea but before sentence is imposed if he can show "a fair and

just reason for requesting the withdrawal."  FRCrP 11(d)(2)(B).  Because the Court

---

[4]Again, in a *pro se* capacity, defendant on December 5, 2005, filed a Motion to have
certain personal property seized at the time of his arrest returned to him.

accepted defendant's guilty plea at the time it was entered on June 7, 2004, defendant must provide "a fair and just reason" for his request to withdraw that plea.

Whether a defendant has shown such a reason is an inquiry entrusted to the discretion of the district court, *see United States* v. *Torres*, 129 F.3d 710, 715 (2d Cir. 1997), upon consideration of such factors as:

> "(1) whether the defendant has asserted his or her legal innocence in the motion to withdraw guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea."

*United States* v. *Rosen*, 409 F.3d 535, 546 (2d Cir. 2005) (*citing United States* v. *Schmidt*, 373 F.3d 100, 102-103 (2d Cir. 2004)).   The Court should also consider whether the defendant has "raised a significant question about the voluntariness of the original plea." *Ibid*.  In reviewing a motion to withdraw guilty plea, the court "must draw all permissible inferences in favor of the government and against the defendant." *Maher*, at 1530.

Defendant argues that he should be permitted to withdraw his guilty plea because the plea agreement was not properly or completely translated into Spanish, resulting in his failure to comprehend the waiver of his appellate rights and his waiver of a statute of limitations defense, and because his co-defendant's plea agreement admitted facts demonstrating that the co-defendant in fact committed the

crime with which defendant is charged.[5]   The government opposes the Motion, arguing that the certifications of the Spanish language translator attached to the Waiver and the Plea Agreement establish that she did, in fact, translate the entire contents of those documents to defendant and that defendant indicated that he understood the contents of those documents.

The Court concludes that defendant has failed to supply a "fair and just reason" for the withdrawal of his plea.  Defendant has failed to demonstrate any facts indicating that he did not understand the contents of his plea agreement at the time it was entered into.  Cutting sharply against defendant's argument is the fact that he previously sought to withdraw his plea based on insufficiency of counsel's representation and made no mention at all of his lack of understanding of the contents of the plea agreement.  On June 15, 2004 defendant authored a letter to this Court which was mailed on July 2, 2004 and received by the Court on July 6, 2004.  In that letter, defendant argued, not that he failed to comprehend or understand all of the contents of his plea agreement, but his co-defendant had admitted that the co-defendant was the purchaser of the subject bracelet, that defendant was actually innocent of the charge and that he was unhappy with the representation afforded him by his then-counsel.  Defendant made no assertion that he did not comprehend the

---

[5]Defendant argues that his plea agreement is "factually repugnant" to that entered into by his co-defendant.  Defendant relies on a unexecuted draft of his co-defendant's plea agreement which differs in material respects from the plea agreement ultimately entered into by his co-defendant.

nature or the details of his plea at the time it was entered.  Again in an August 2004 submission defendant argued that his counsel coerced him into signing the plea agreement and misrepresented his ability to locate and/or call his former co-defendant as a witness but made no mention of faulty or incomplete translation of the plea agreement and accompanying waivers.

The Court finds defendant's assertions of inadequate translation services to be disingenuous and suspect.  Once again, the Court has reviewed the transcript of the plea colloquy on June 7, 2004 and finds sufficient factual basis for the plea of guilty and that such plea was entered into knowingly and voluntarily.

## CONCLUSION

For the reasons stated, it is hereby **ORDERED** that defendant's Motion to Withdraw his Guilty Plea is denied.

DATED:        Buffalo, N.Y.

August 16, 2006

_/s/ John T. Elfvin_
JOHN T. ELFVIN
S.U.S.D.J.